**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN P. LOPEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER MORRISON, et al., <br><br> Defendants. | Civil Action No. 22-6607 (KMW) (AMD) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the civil rights complaint (ECF No. 1) filed by Plaintiffs Jonathan Lopez and James Edwards. Also before the Court is Plaintiffs' application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, and this Court finding that leave to proceed *in forma pauperis* is authorized in this matter, Plaintiffs' application shall be granted. As such, this Court is required to screen their complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.   BACKGROUND**

Plaintiffs are two individuals civilly committed to the Ancora Psychiatric hospital following their being found not guilty of crimes by reason of insanity. (ECF No. 1 at 2-4.) In their complaint, Plaintiffs contend that they are being denied access to the Court as they are not provided either a full law library or access to legal databases. (*Id.* at 3.) Plaintiffs acknowledge, however,

that they have assigned counsel who represent them in their ongoing commitment hearings. (*Id.*) Plaintiffs' do not allege whether or not other forms of legal assistance – such as a paralegal or other trained assistant – are available in their facility, nor do they allege that they have lost any case, claim, or right, as a result of the lack of a law library. (*Id.*) Plaintiffs additionally contend that they are being denied their right to freely communicate as their access to telephones to make intra-facility and outside phone calls was restricted for eight consecutive days. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiffs shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

2

555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In their complaint, Plaintiffs seek to make two claims against supervisory officials at the Ancora facility – a claim in which they assert their right of access to the courts has been infringed by the lack of a complete law library, and a claim in which they claim their rights to communication are being infringed by an eight-day cessation of telephone access. Turning first to the access to the courts claim, the Supreme Court has held that incarcerated individuals have a right of access to the courts under the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). As part of this right, incarcerated individuals are generally entitled to either adequate law libraries or adequate assistance from persons with some level of legal training. *Id.* The right of access to the Courts, however, is not unlimited – it requires only that the detained be permitted the ability to litigate criminal charges or civil rights claims related to their conditions of confinement – the "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of . . . incarceration." *Id.* at 355. Even where an individual alleges facts suggesting he has not been provided sufficient legal assistance in the form of legal aid or a

3

law library, he will not be able to make out a claim for denial of access to the courts unless he alleges facts establishing actual injury – *i.e.*, that he has lost some legal claim or case as a result of the inadequate facilities. *Id.* at 348-51; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997); *see also Bragg v. Ann Klein Forensic Ctr.*, No. 09-3743, 2010 WL 4366255, at *4 (D.N.J. Oct. 28, 2010).

Here, Plaintiffs' claims suffer from two deficiencies. First, although they allege that they do not have full access to a law library, they do not allege that they are not provided aid by a legally trained individual. Indeed, they directly allege that they have been provided with appointed counsel in their ongoing commitment hearings. It is thus not clear if the facility has inhibited their access to the courts. Even assuming that they are not provided with legal assistance to present other claims protected by the constitution – such as civil rights claims related to conditions of confinement, however, they have also failed to plead actual injury in the form of a claim or legal case they have lost as a result of the lack of a law library. The absence of actual injury is fatal to an access to the courts claim. *Lewis*, 518 U.S. at 348-51. Plaintiffs' access to the Courts claim is therefore dismissed without prejudice.

In their remaining claim, Plaintiffs allege that their rights to communicate have been improperly infringed by an eight-day denial of telephone access. While detained individuals have a First Amendment right to communicate, including to communicate with family and friends, that right is not inviolable and does not include unfettered access to any and all forms of communication at all times. *See Overton v. Bazzeta*, 539 U.S. 126, 132-32 (2003); *see also Almadhi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (detained individuals "ha[ve] no right to unlimited telephone use). Limited denials of access to telephones – such as instances in which phone access is denied for a brief period of a few days – therefore fail to set forth a plausible basis for a claim of being denied the right to communicate, especially where alternative means of communication – such as

the mail – have been made available. *See, e.g., Concepcion v. Russell*, No. 21-1060, 2021 WL 1061154, at *6 (E.D. Pa. Mar. 18, 2021). As Plaintiffs have pled only a brief interruption in their access to the telephone – eight days – and have not alleged that they have been denied other means of communication, Plaintiffs' complaint fails to state a plausible claim for relief based on the denial of telephone access. As both of Plaintiffs' claims fail to state plausible claims for relief, Plaintiffs' complaint shall be dismissed without prejudice in its entirety.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiffs' complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge