**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JONATHAN P. LOPEZ, et al.,

               Plaintiffs,

               v.

CHRISTOPHER MORRISON, et al.,

               Defendants.

Civil Action No. 22-6607 (KMW) (AMD)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the motion seeking leave to file an amended complaint (ECF No. 4) and accompanying amended complaint (ECF No. 4 at 8-10) filed by Plaintiffs Jonathan Lopez and James Edwards. Because this Court previously granted Plaintiffs leave to file an amended complaint, Plaintiffs' motion seeking such leave shall be denied as moot. However, because Plaintiffs were previously granted *in forma pauperis* status in this matter, however, this Court is required to screen their amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' amended complaint shall be dismissed without prejudice.

## I.     BACKGROUND

This Court summarized the allegations in Plaintiff's initial complaint as follows in the Court's initial screening:

> Plaintiffs are two individuals civilly committed to the Ancora Psychiatric hospital following their being found not guilty of crimes

by reason of insanity.  (ECF No. 1 at 2-4.)  In their complaint, Plaintiffs contend that they are being denied access to the Court as they are not provided either a full law library or access to legal databases.  (*Id.* at 3.)  Plaintiffs acknowledge, however, that they have assigned counsel who represent them in their ongoing commitment hearings.  (*Id.*)  Plaintiffs' do not allege whether or not other forms of legal assistance – such as a paralegal or other trained assistant – are available in their facility, nor do they allege that they have lost any case, claim, or right, as a result of the lack of a law library.  (*Id.*)  Plaintiffs additionally contend that they are being denied their right to freely communicate as their access to telephones to make intra-facility and outside phone calls was restricted for eight consecutive days.  (*Id.*)

(ECF No. 2 at 1-2.)  This Court screened and dismissed Plaintiff's original complaint in December 2022.  (ECF Nos. 2-3.)

Plaintiffs thereafter filed their current amended complaint.  (ECF No. 4 at 8-10.)  Although Plaintiffs label their new filing as an amended complaint, it provides very little in the way of allegations, and the document is clearly not meant to stand on its own.  It begins with a paragraph numbered seventeen, picking up from the concluding paragraph sixteen of the original complaint, and appears to be intended to simply be an addition to be combined with the originally filed, previously dismissed complaint.  (*Id.*)  The allegations in the amended complaint affirm only that Defendant Morrison did not explain to them why the phones were not available for eight days, realleges that Morrison has not provided a full law library or paralegal assistance, and states Plaintiff's belief that Morrison has been deliberately indifferent to Plaintiffs' due process rights. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiffs have been granted *in forma pauperis* status in this matter, this Court is required to screen their amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   **DISCUSSION**

Considered in conjunction with Plaintiffs' original complaint,[1] Plaintiffs' amended complaint seeks to raise two claims against supervisors at the Ancora mental facility– a claim in which they assert their right of access to the courts has been infringed by the lack of a complete law library, and a claim in which they claim their rights to communication were infringed by an eight-day lack of telephone access.  However, as this Court previously explained to Plaintiffs,

> the Supreme Court has held that incarcerated individuals have a right of access to the courts under the First Amendment.  *See Lewis v. Casey*, 518 U.S. 343, 346 (1996).  As part of this right, incarcerated individuals are generally entitled to either adequate law libraries or adequate assistance from persons with some level of legal training.  *Id.*  The right of access to the Courts, however, is not unlimited – it requires only that the detained be permitted the ability to litigate criminal charges or civil rights claims related to their conditions of confinement – the "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of . . . incarceration." *Id.* at 355.  Even where an individual alleges facts suggesting he has not been provided sufficient legal assistance in the form of legal aid or a law library, he will not be able to make out a claim for denial of access to the courts unless he alleges facts establishing actual injury – *i.e.*, that he has lost some legal claim or case as a result of the inadequate facilities.  *Id.* at 348-51; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997); *see also Bragg v. Ann Klein Forensic Ctr.*, No. 09-3743, 2010 WL 4366255, at *4 (D.N.J. Oct. 28, 2010).

> Here, Plaintiffs' claims suffer from two deficiencies.  First, although they allege that they do not have full access to a law library, they do not allege that they are not provided aid by a legally trained individual.  Indeed, they directly allege that they have been provided with appointed counsel in their ongoing commitment hearings.  It is thus not clear if the facility has inhibited their access to the courts.  Even assuming that they are not provided with legal assistance to present other claims protected by the constitution – such as civil

---

[1] Although an amended complaint normally is considered to replace the original filing, because it is clear Plaintiffs intended the amended complaint as an add-on to the original complaint, this Court will consider the two together as making out the full nature of the amended complaint.  Should Plaintiffs choose to file an additional amended complaint, that complaint must contain *all* the factual allegations they intend to make, and should be a stand-alone document that does not require consideration of the previous complaints.

> rights claims related to conditions of confinement, however, they
> have also failed to plead actual injury in the form of a claim or legal
> case they have lost as a result of the lack of a law library. The
> absence of actual injury is fatal to an access to the courts claim.
> *Lewis*, 518 U.S. at 348-51.

(ECF No. 2 at 3-4.) Plaintiffs' amended complaint adds no allegations which would cure the noted

deficiencies in Plaintiffs' original complaint. Plaintiffs have not alleged that they no longer have

counsel in their commitment proceedings, nor do they allege that they have actually suffered an

actual injury in the form of a lost claim which was the result of the lack of a law library or paralegal

assistance. Plaintiffs' amended complaint thus once again fails to state a claim based on the lack

of a law library.

In their remaining claim, Plaintiffs allege that their rights to communicate were infringed

by an eight-day denial of telephone access. As this Court previously explained,

> While detained individuals have a First Amendment right to
> communicate, including to communicate with family and friends,
> that right is not inviolable and does not include unfettered access to
> any and all forms of communication at all times. *See Overton v.
> Bazzeta*, 539 U.S. 126, 132-32 (2003); *see also Almadhi v. Ashcroft*,
> 310 F. App'x 519, 522 (3d Cir. 2009) (detained individuals "ha[ve]
> no right to unlimited telephone use). Limited denials of access to
> telephones – such as instances in which phone access is denied for
> a brief period of a few days – therefore fail to set forth a plausible
> basis for a claim of being denied the right to communicate,
> especially where alternative means of communication – such as the
> mail – have been made available. *See, e.g., Concepcion v. Russell*,
> No. 21-1060, 2021 WL 1061154, at *6 (E.D. Pa. Mar. 18, 2021).
> As Plaintiffs have pled only a brief interruption in their access to the
> telephone – eight days – and have not alleged that they have been
> denied other means of communication, Plaintiffs' complaint fails to
> state a plausible claim for relief based on the denial of telephone
> access. As both of Plaintiffs' claims fail to state plausible claims for
> relief, Plaintiffs' complaint shall be dismissed without prejudice in
> its entirety.

(ECF No. 2 at 4-5.) In their amended complaint, Plaintiffs essentially add only that Plaintiffs did

not receive an explanation for the short period during which phone access was unavailable. These

added allegations do nothing to cure the deficiencies this Court previously noted – an eight day denial of phone access is simply not sufficient to amount to a denial of a plaintiff's right to communication, especially when other means of communication remain available.  Plaintiffs' amended complaint thus once again fails to state a plausible claim for relief based on the alleged loss of phone access for a few days.  Therefore, Plaintiffs' amended complaint is dismissed without prejudice for failure to state a claim for which relief may be granted.

IV.   **CONCLUSION**

For the reasons expressed above, Plaintiffs' motion seeking leave to amend (ECF No. 4) is **DENIED** as moot in light of this Court's previous grant of leave to amend, and Plaintiffs' amended complaint (ECF No. 4 at 8-10) shall be **DISMISSED WITHOUT PREJUDICE**.   An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge