**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN P. LOPEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER MORRISON, et al., <br><br> Defendants. | Civil Action No. 22-6607 (KMW) (AMD) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Plaintiffs second amended complaint. (ECF No. 7). Plaintiffs were previously granted *in forma pauperis* status in this matter, however, this Court is required to screen their amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's second amended complaint shall be dismissed without prejudice.

**I.   BACKGROUND**

This Court summarized the allegations in Plaintiff's initial complaint as follows in the Court's initial screening:

> Plaintiffs are two individuals civilly committed to the Ancora Psychiatric hospital following their being found not guilty of crimes by reason of insanity. (ECF No. 1 at 2-4.) In their complaint, Plaintiffs contend that they are being denied access to the Court as they are not provided either a full law library or access to legal databases. (*Id.* at 3.) Plaintiffs acknowledge, however, that they have assigned counsel who represent them in their ongoing commitment hearings. (*Id.*) Plaintiffs' do not allege whether or not

> other forms of legal assistance – such as a paralegal or other trained assistant – are available in their facility, nor do they allege that they have lost any case, claim, or right, as a result of the lack of a law library. (*Id.*) Plaintiffs additionally contend that they are being denied their right to freely communicate as their access to telephones to make intra-facility and outside phone calls was restricted for eight consecutive days. (*Id.*)

(ECF No. 2 at 1-2.) This Court screened and dismissed Plaintiff's original complaint in December 2022. (ECF Nos. 2-3.) Plaintiffs thereafter filed their first amended complaint. (ECF No. 4 at 8-10.) That document was essentially an addendum to the original complaint and raised essentially the same claims as in the original complaint. (*Id.*) This Court dismissed that complaint without prejudice in July 2023. (ECF No. 7.)

On August 7, 2023, Plaintiffs filed their second amended complaint. In that complaint, they once again repeat the same claims which this Court previously dismissed, albeit with some additional information. Essentially, Plaintiffs once again allege that they have been denied a law library sufficient to research their state court commitment proceedings in which they have appointed counsel, and that they were denied phone access during an eight day period. (ECF No. 7 at 1-8.) They add to these claims that, when the phones were repaired they "found" that their calls were being monitored or recorded, without any details as to how they "found" this to be the case, whether Defendants were involved in the monitoring of their calls, or further details, they do, however, allege that they believe this violates their Sixth Amendment rights as their calls with their attorneys may be monitored. (*Id.* at 8.) Finally, Plaintiffs contend that the new phone system blocks a number of phone calls, specifically to "various courts and legal entities" including this Court's clerk's office. (*Id.*)

II.   **LEGAL STANDARD**

Because Plaintiffs have been granted *in forma pauperis* status in this matter, this Court is required to screen their amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to

the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se*

3

litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In their second amended complaint, Plaintiffs seek to raise four claims: that they have been improperly denied a law library within which to research their commitments, that they were denied phone access for eight days, and that the new phone system interferes with their Sixth Amendment right to counsel and interferes with their access to the courts because some court phone numbers are blocked. Turning first to the law library issue,

> the Supreme Court has held that incarcerated individuals have a right of access to the courts under the First Amendment. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). As part of this right, incarcerated individuals are generally entitled to either adequate law libraries or adequate assistance from persons with some level of legal training. *Id.* The right of access to the Courts, however, is not unlimited – it requires only that the detained be permitted the ability to litigate criminal charges or civil rights claims related to their conditions of confinement – the "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of . . . incarceration." *Id.* at 355. Even where an individual alleges facts suggesting he has not been provided sufficient legal assistance in the form of legal aid or a law library, he will not be able to make out a claim for denial of access to the courts unless he alleges facts establishing actual injury – *i.e.*, that he has lost some legal claim or case as a result of the inadequate facilities. *Id.* at 348-51; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997); *see also Bragg v. Ann Klein Forensic Ctr.*, No. 09-3743, 2010 WL 4366255, at *4 (D.N.J. Oct. 28, 2010).
>
> Here, Plaintiffs' claims suffer from two deficiencies. First, although they allege that they do not have full access to a law library, they do not allege that they are not provided aid by a legally trained individual. Indeed, they [acknowledge] that they have been provided with appointed counsel in their ongoing commitment hearings. It is thus not clear if the facility has inhibited their access to the courts. Even assuming that they are not provided with legal assistance to present other claims protected by the constitution – such as civil rights claims related to conditions of confinement,

4

> however, they have also failed to plead actual injury in the form of a claim or legal case they have lost as a result of the lack of a law library. The absence of actual injury is fatal to an access to the courts claim. *Lewis*, 518 U.S. at 348-51.

(ECF No. 2 at 3-4.) Plaintiffs' second amended complaint suffers from these same deficiencies – they have appointed counsel in their commitment proceedings, they have not identified any other legal area in which they are entitled to library access that they have been denied, and they have failed to identify any claim they have lost as a result of the lack of a library. Their library related access to court claims thus must be dismissed without prejudice.

Plaintiff's phone related access to Court claims fails for much the same reason – they have identified no legal claim or case they have lost as a result of their inability to call certain court offices. Clearly, from their timely filing of this amended complaint, Plaintiff's retain alternative means to contact and interact with the Court. Regardless, because they have not identified any claim or case lost as a result of the blocked numbers, they have failed to set forth a viable claim for access to the courts, and Plaintiffs' access to court claims based on blocked phone numbers must be dismissed without prejudice at this time. *Lewis*, 518 U.S. at 348-51.

Plaintiffs also allege that their rights to communicate were infringed by an eight-day denial of telephone access. As this Court previously explained,

> While detained individuals have a First Amendment right to communicate, including to communicate with family and friends, that right is not inviolable and does not include unfettered access to any and all forms of communication at all times. *See Overton v. Bazzeta*, 539 U.S. 126, 132-32 (2003); *see also Almadhi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (detained individuals "ha[ve] no right to unlimited telephone use). Limited denials of access to telephones – such as instances in which phone access is denied for a brief period of a few days – therefore fail to set forth a plausible basis for a claim of being denied the right to communicate, especially where alternative means of communication – such as the mail – have been made available. *See, e.g., Concepcion v. Russell*, No. 21-1060, 2021 WL 1061154, at *6 (E.D. Pa. Mar. 18, 2021). As Plaintiffs have pled only a brief interruption in their access to the

5

> telephone – eight days – and have not alleged that they have been denied other means of communication, Plaintiffs' complaint fails to state a plausible claim for relief based on the denial of telephone access. As both of Plaintiffs' claims fail to state plausible claims for relief, Plaintiffs' complaint shall be dismissed without prejudice in its entirety.

(ECF No. 2 at 4-5.) As before, this Court finds that the eight day loss of access to phone communication during a phone system outage is insufficient to amount to an actionable violation of Plaintiffs' right to communication, especially in light of the availability of alternate means of communication. Plaintiff's phone outage claim is therefore dismissed without prejudice.

In their final claim, Plaintiffs contend that having their phone calls monitored amounts to a violation of their Sixth Amendment rights. The Sixth Amendment, however, applies only to criminal proceedings, it provides no right to counsel in state court civil commitment proceedings. *See, e.g., Oliver v. D'Amico*, No. 07-1968, 2007 WL 2682993, at *6 (D.N.J. Sept. 7, 2007). Thus, no Sixth Amendment claim arises from the alleged recording or monitoring of phone calls. Even were the Court to assume that Plaintiff's may have some other Federal right to counsel in such proceedings, such as the Due Process Clause, or through a state created liberty interest in appointed counsel protected by that clause, however, Plaintiff's claim would still be inadequate to proceed at this time because Plaintiff has failed to allege any facts connecting any named Defendant to the alleged monitoring. The lack of facts showing that Defendants were personally involved in the alleged violation is fatal to Plaintiff's counsel claim. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Because all of Plaintiff's claims fail to state a claim for which relief may be granted, Plaintiffs' second amended complaint shall be dismissed without prejudice in its entirety.

## IV. CONCLUSION

For the reasons expressed above, Plaintiffs' second amended complaint (ECF No. 7) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge